## No. 12,739.

### STATE OF LOUISIANA VS. JOHN REED.

Evidence showing that deceased and the accused lived alternately in concubinage with the same woman in whose presence the killing occurred, was received over objection of defendant that same was irrelevant. *Held:* Competent for prosecution to prove a motive for the crime.

The fact that a witness for the State was once himself under suspicion, and even arrest, in connection with the homicide, is no ground for the exclusion of his testimony.   Even though an accomplice, he would still be competent as a witness, that fact affecting the credibility, not the admissibility, of his evidence.

The charge of the trial judge, or portions thereof deemed prejudicial, should be objected to at the time given, or before the jury retires for deliberation, and a bill of exceptions seasonably reserved. If this be not done, subsequent objections will not be noticed, except in the clearest instances of gross and palpable error patent upon the face of a written charge coming up in the record, and of undoubted prejudice to the accused.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham,* Attorney General, and *James Simon,* District Attorney (*P. A. Simmons, Jr.,* of Counsel), for Plaintiff, Appellee.

*Edward Simon* for Defendant, Appellant.

Argued and submitted April 9, 1898.
Opinion handed down May 16, 1898.
Rehearing refused November 7, 1898.

The opinion of the court was delivered by

BLANCHARD, J. Twice, under this indictment for murder, has the accused been convicted, and twice has the death penalty been passed upon him.

In the 49th La. An. 704, will be found the report of the appeal on the first trial. On an erroneous ruling of the trial judge, there explained, the verdict and sentence was set aside and the case remanded.

A second trial below resulted in a similar verdict and sentence, and the case is again before us on appeal.

The grounds upon which reversal is now asked are embodied in four bills of exception.

The first relates to evidence offered on part of the prosecution to prove that the accused and the deceased lived alternately in concubinage with a certain woman, who, it had already been shown, was present at the quarrel between the two men immediately preceding the homicide, as well as when the homicide occurred. This was objected to by defendant on the ground that it had no bearing on the case and was irrelevant. To an adverse ruling the accused excepted. The court's reason for admitting the testimony was that

it was competent for the State to prove a motive for the crime. And so it was.    State vs. Crowley and Others, 33 La. An. 782.

The second bill records the objection of the accused to the testimony of one Francis Frank, offered by the State to prove that Jacques Comeau, the deceased, met his death at the hands of the defendant.

The demand for the exclusion of his testimony rested on the allegation that at one time this witness was charged with being an accomplice in the crime for which the accused was on trial, and had been arrested and held in custody as such.

The trial judge admitted the testimony, assigning reasons: (1) There was no evidence before the court that the witness was an accomplice or had been held in custody as such; (2) that if he were an accomplice, he was not charged as such, nor was he under any charge, nor on trial on any plea of complicity in the murder of Comeau; (3) that even as an accomplice, if such he be, he would still be competent as a witness, that fact going to the effect of the testimony (the credibility of the witness) rather than to its admissibility.

This ruling was not erroneous.

Act 29 of 1886; State vs. Mack, 41 La. An. 1079; State vs. McManus, 42 La. An. 1194; State vs. Ashbury. et al., 49 La. An. 1741.

It seems that when Comeau was found dead and the belief was entertained that he had been murdered, the sheriff arrested several parties, one of them the witness Frank, on suspicion of complicity, and held them a few days in custody.

Investigation appearing to fasten the homicide upon the accused, he was held to answer the crime charged, and the other parties discharged.

Subsequently no action was taken against any of the parties originally under suspicion, save the accused and one Anais Parks, his paramour, who were jointly indicted for the murder. The witness, Frank, was not indicted, nor even formally charged as being a principal, or accessory before or after the fact. Under these circumstances it can not be said he was an accomplice, but even had he been he would have been competent to testify. Besides, the trial judge charged the jury, as requested by counsel for the accused, that if they believed this witness was an accomplice they should not, in a case of this magnitude, convict solely on his testimony; that there should be corroboration *aliunde*.

State vs. Reed.

Following conviction, a motion for new trial on behalf of the accused was filed, grounded upon the allegation of insufficiency of the testimony to warrant the verdict.

The ruling of the court *a qua* denying the same forms the subject of the third bill of exception.

The question of sufficiency or insufficiency of evidence to convict is one over which this court has no jurisdiction. This is fundamental, and has been affirmed so often in repeated adjudications that it has become unnecessary to cite the cases.

The jury, in a criminal cause, are the judges of the evidence and it is their province to decide whether, or not, the testimony submitted is sufficient, or strong enough to convict. Having decided that it is, and having returned a verdict of conviction, it rests *within the sound discretion* of the trial judge to grant, or not, a new trial. And when, as in this instance, he refuses it, we will not disturb such ruling unless it is made manifest he has abused the discretion vested in him by law.

The fourth and last bill of exceptions challenges the correctness of the ruling denying defendant's motion in arrest of judgment. Three grounds are set forth:

1. That the trial took place on the 13th of January; that counsel for accused requested the charge of the court to the jury to be reduced to writing; that this was assented to; that no written charge was filed on January 13; and that a paper or document, purporting to be the charge in writing delivered to the jury, was filed only on January 15, two days subsequent to the trial.

2. That illegal matter is contained in the charge filed, to-wit: that it assumes the killing of Comeau by the accused.

3. That the endorsement of the verdict " Guilty as charged " on the indictment was of no specific date.

As to the first ground, the trial judge, in his opinion giving reasons for denying the motion in arrest, states that when the demand for a written charge was made, he had the charge intended to be delivered already prepared, and the same had been transcribed into a bound copy book; that he so informed counsel for accused, exhibited the charge to him, and asked if he would agree that it be read to the jury from the copy book, with the understanding that a copy thereof should be made and filed; and that counsel assented to this arrangement and it was carried out, an exact copy being furnished and filed

63

two days later. It is not necessary to add anything to this recital of facts. It disposes of this objection.

As to the second ground, that the judge *assumed* as proven the killing of Comeau by the accused, it is based on this statement found in the charge: "Deliberate malice is manifested by external circumstances. Thus the killing of Comeau is an external circumstance, from which you shall infer whether it was done with or without malice prepense."

It is urged this is tantamount to saying that the accused had killed Comeau, and that since one of the questions arising in the case and presented to the jury was whether Comeau was killed or not by a passing train (his body having been found on or alongside of a railway track), it was prejudicial error.

The statement challenged undoubtedly *assumes* the killing of Comeau. More than that, it *implies* that he was killed by the accused.

It is error on both grounds. It was for the jury to find as a fact that Comeau was killed; it was not for the judge to assume he was killed. It was for the jury to find as a further fact that the killing was by the accused; it was not for the judge to use language which plainly implied he thought or believed the accused did the killing. The theory of the defence was that Comeau was killed by the railway train.

However improbable or unfounded in fact such theory may have been thought to be by the trial judge, he should have been careful not to use language tending to weaken on the minds of the jury whatever impression in regard to same and favoring it, the evidence may have made. If the killing had been by the train, while this was an "external circumstance," it was not one from which the inference of malice could be drawn as against the accused, who alone was on trial. And when the judge referred to the killing of Comeau as an external circumstance from which the jury should infer "whether it was done with or without malice prepense," it had the direct tendency to withdraw from the attention of the jury the theory of the possible killing by the railway train. If the killing had been by the train, the question of malice could not arise as an issue to be determined in the case.

On this ground the accused is entitled to relief.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence appealed from be annulled, avoided and reversed, and that the case be remanded to be proceeded with according to law.